UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WGBH EDUCATIONAL FOUNDATION,<br>Plaintiff,<br><br>v.<br><br>IMAX CORPORATION, and IMAX LTD,<br>Defendants. | Civil Action No.<br><br>**COMPLAINT AND JURY DEMAND** |

For its Complaint herein, Plaintiff alleges as follows:

## THE PARTIES

1. Plaintiff, WGBH Educational Foundation ("WGBH"), is a charitable not-for-profit Massachusetts corporation having an office and principal place of business at 125 Western Avenue, Boston, Massachusetts 02134.

2. Upon information and belief, Defendant, IMAX Corporation ("IMAX"), is a Canadian corporation headquartered at 2525 Speakman Drive, Mississauga, Ontario L5K 1B1, Canada which does business within the Commonwealth of Massachusetts.

3. Upon information and belief, Defendant, IMAX Ltd. ("IMAX Ltd.") is a California corporation headquartered at 3003 Exposition Blvd., Santa Monica, California 90404 which does business within the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

4. This is an action under the Copyright Act, 17 U.S.C. §§ 101 et seq., therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Jurisdiction of this Court over this action is also conferred under 28 U.S.C § 1332 based on diversity of citizenship, with the amount in

- 2 -

controversy in excess of One Hundred Thousand Dollars, exclusive of interest and cost. Venue is proper pursuant to 28 U.S.C. § 1391.

### STATEMENT OF FACTS

5.  WGBH has been and continues to be a prominent member of the public broadcasting community and the leading producer of programs for public television in the United States. Among the television programs produced by WGBH is the well-known and critically acclaimed science education series, *NOVA*. *NOVA* is the longest-running science series in television, and its programs have been distributed worldwide for over 20 years.

6.  WGBH and its *NOVA* science unit also have earned a distinguished reputation in the domestic and international community as the producer of a number of large format feature films, which typically are exhibited at science museums.

7.  WGBH has won numerous awards for its large format feature films. Over 23 million viewers have attended WGBH's large format feature films.

8.  In December, 1997, WGBH and Defendant IMAX entered into an agreement "on the principle [sic] business terms . . . for the distribution of a new film to be produced by NOVA/WGBH tentatively entitled *Cocos: Island of Sharks*." (the "Agreement".)

9.  The Agreement contemplated that WGBH and IMAX subsequently would sign a "long form contract" which would include the terms of the Agreement.

10. The Agreement provided that WGBH would finance and produce the film *Cocos: Island of Sharks* (hereinafter the "Film", "*Island of Sharks*" or "*Sharks*") as a 2-D large format film.

11. The Agreement granted IMAX exclusive worldwide distribution rights to the Film in all large film formats, "based upon a mutually approved prospective Business Plan for an initial five-year period, which Plan will be provided to NOVA/WGBH within 60 days of signing this Agreement."

12. Paragraph 5(f) of the Agreement provided that WGBH would receive all "Producer Net Revenue" from distribution by IMAX of the Film. Under the terms of the Agreement, Producer Net Revenue is the difference between the distributor's share (i.e., IMAX's share) of gross box office revenue ("DSGBO") (i.e., Imax's receipts from licensees of the Film) and particular costs, expenses, fees and recoupments specifically allowed under Paragraph 5 of the Agreement.

13. Costs, expenses, fees, recoupments and any other item not specified in Paragraph 5 of the Agreement are not permitted to be deducted from the DSGBO before payment of the Producer Net Revenue is to be made to WGBH.

14. Paragraph 5(b) of the Agreement limits IMAX from deducting more than 15% from the DSGBO (with the exception only for "prints, sound tracks, protection elements and versioning costs") for purposes of determining monies due WGBH as Producer Net Revenue.

15. Upon information and belief, IMAX has deducted certain distribution expenses, in excess of 15% of DSGBO.

16. Paragraph 5(d) of the Agreement allows IMAX to recoup its distribution advance out of the DSGBO in proportion ("pari passu") to WGBH's investment in the *Sharks* film, which for the purposes of this part of the Agreement was to be capped at $2,000,000. WGBH, in fact, invested more than this $2,000,000, and so informed IMAX. Nevertheless, IMAX Corporation

has, upon information and belief, calculated WGBH's investment at $1,550,000. WGBH has not recouped its investment in the Film, and Imax has refused to make the payments due to WGBH.

17. IMAX has engaged in other activities of self-dealing, inflating costs and other actions inconsistent with its obligations under the Agreement.

18. WGBH is the sole owner of the copyright in and to the film, *Island of Sharks*. WGBH holds the United States copyright registration to the Film, (Registration No. PA 1-083-319), a copy of which is attached to this Complaint as Exhibit A.

19. Upon information and belief, IMAX and/or IMAX Ltd. have, without authorization from WGBH, taken portions of the film, *Island of Sharks*, and used this as part of a visual work for the commercial purpose of promoting their business.

20. Upon information and belief, this unauthorized use is continuing.

21. WGBH is the sole owner of the copyright in and to the film, *Special Effects*. WGBH holds the United States copyright registration to *Special Effects* (Registration No. PA 812-820), a copy of which is attached to this Complaint as Exhibit B.

22. Upon information and belief, IMAX and/or IMAX Ltd. have, without authorization from WGBH, taken portions of the film *Special Effects* and used them as part of a visual work for the commercial purpose of promoting their business.

23. Upon information and belief, this unauthorized use is continuing.

24. Without authorization from WGBH, IMAX also permitted other related entities to copy the film *Island of Sharks*.

25. IMAX, or IMAX Ltd., or one of their subsidiary business entities, or any one of these entities, has distributed the film *Island of Sharks* on VHS cassettes.

26. Neither IMAX nor its subsidiary business entities engaged in the copying and distribution of *Island of Sharks* has fairly compensated WGBH for the exploitation of the film on VHS cassettes.

## FIRST COUNT
## Breach of Contract

27. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 26 of this Complaint.

28. WGBH has performed its obligations under the Agreement.

29. IMAX has breached the Agreement in that, among other things, it

   a) failed to provide WGBH with a Business Plan as called for in the Agreement;

   b) failed to credit WGBH's investment at $2,000,000 for purposes of calculating *pari passu* returns, thereby reducing WGBH's *pari passu* recoupment of its investment in the Film, and reducing WGBH's Producer Net Revenue;

   c) deducted, as on-going distribution expenses, sums in excess of 15% of DSGBO, thereby reducing WGBH's Producer Net Revenue;

   d) failed to deliver to WGBH documentation to support certain distribution expenses deducted by IMAX; and

   e) allowed the unauthorized copying and distribution of the Film and otherwise breached the Agreement.

30. WGBH has been damaged by IMAX's breaches of contract.

## SECOND COUNT
**Breach of Implied Covenant of Good Faith and Fair Dealing**

31.   Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 30 of this Complaint.

32.   Implied in every contract is a covenant of good faith and fair dealing. In particular such a covenant is strictly enforced in a contract granting exclusive distribution rights.

33.   Upon information and belief, IMAX purchased prints and soundtracks of the Film, in excessive quantity, from a wholly owned subsidiary and charged such purchases as distribution expenses against WGBH's recoupment of its investment and against WGBH's share of Producer Net Revenue.

34.   Upon information and belief, IMAX did not use good faith efforts to maximize DGSBO by making cost-effective expenditures of other distribution expenses, in disregard of its fiduciary obligations to WGBH and in disregard of good business practices.

35.   As set forth above, IMAX has breached its implied covenant of good faith and fair dealing.

36.   All of the actions alleged in this Count have caused, and will continue to cause, Plaintiff WGBH irreparable harm for which there is no adequate remedy at law.

## THIRD COUNT
**Breach of Fiduciary Duty**

37.   Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 36 of this Complaint.

38.   As set forth above, IMAX has breached its fiduciary duties by, among other things, failing to use its efforts to exploit the exclusive distribution of the Film and otherwise engaging in self-dealing to the detriment of WGBH.

39. The actions by IMAX in the course of its dealings with the Film and as averred elsewhere in this Complaint, constitute a breach of IMAX's fiduciary duties concerning using its efforts to exploit the license and not to engage in self-dealing to the detriment of WGBH.

40. All of the actions alleged in this Count have caused, and will continue to cause, Plaintiff WGBH irreparable harm for which there is no adequate remedy at law.

### FOURTH COUNT
### Unfair and Deceptive Business Practices

41. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 40 of this Complaint.

42. IMAX Corporation's actions and failure to act, as set forth above, all constitute unfair and deceptive business acts and practices in violation of Massachusetts General Laws Chapter 93A ("Chapter 93A").

43. IMAX Corporation's unfair and deceptive business acts and practices constitute knowing and willful violations of Chapter 93A.

44. All of the actions alleged in this Count have caused, and will continue to cause, WGBH harm.

### FIFTH COUNT
### Copyright Infringement -- *Island of Sharks* Film

45. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 44 of this Complaint.

46. IMAX Corporation's unauthorized uses of, and IMAX Corporation's authorization of its controlled entity or other parties to use, portions of WGBH's copyrighted film, *Island of Sharks*, constitutes a knowing and willful violation of WGBH's copyright in and to the film, under 17 U.S.C. § 501, et seq.

## SIXTH COUNT
## Unjust Enrichment

47. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 46 of this Complaint.

48. IMAX's and its related entities' (including IMAX Ltd.) exploitation and distribution of VHS cassettes of the film *Island of Sharks* without a proper accounting and payment to WGBH of a just license fee, and its use of a clip from the Film and from the film *Special Effects*, for its own commercial self-promotion, is without right, and they have unjustly enriched themselves by their actions.

## SEVENTH COUNT -- AS AGAINST IMAX LTD
## Copyright Infringement -- *Island of Sharks* Film

49. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 48 of this Complaint.

50. Defendant IMAX Ltd.'s unauthorized uses of WGBH's copyrighted film, *Island of Sharks*, constitutes a knowing and willful violation of WGBH's copyright in and to the film, under 17 U.S.C. § 501, et seq.

## EIGHTH COUNT
## Copyright Infringement -- *Special Effects* Film

51. Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 50 of this Complaint.

52. IMAX's unauthorized uses of WGBH's copyrighted film, *Special Effects* constitutes a knowing and willful violation of WGBH's copyright in and to the film, under 17 U.S.C. § 501, et seq.

## NINTH COUNT
## Copyright Infringement – *Special Effects* Film

53.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 52 of this Complaint.

54.     Defendant IMAX Ltd.'s unauthorized uses of WGBH's copyrighted film – *Special Effects* constitutes a knowing and willful violations of WGBH's copyright in and to the film under 17 U.S.C. § 501, et seq.

## TENTH COUNT
## Declaratory Judgment

55.     Plaintiff repeats and incorporates by reference the allegations set forth in paragraphs 1 through 54 of this Complaint.

56.     There is an actual and justifiable controversy between the parties concerning material breaches of the Agreement by the defendants. As a result of these material breaches WGBH asserts that it has the right to terminate the Agreement. WGBH seeks a declaration that it has the right to terminate the Agreement and that all of the rights granted to defendants therein revert to WGBH.

### RELIEF AND REMEDIES SOUGHT

Wherefore, WGBH respectfully requests that this Court:

    i.    Order an accounting performed at the Defendants' cost, and that IMAX Corporation pay all such amounts owed under the Agreement based on that accounting;

    ii.   Award damages for Defendants' unlawful conduct;

    iii.  Award double or treble damages for Defendants' knowing and willful violations of Chapter 93A;

iv. Enter an order that the Agreement be terminated and all distribution and other rights revert to WGBH;

v. Award as damages all profits made by each defendant from any unauthorized distribution, licensing, sale or any other exploitation of any of the films;

vi. Award statutory damages and attorneys' fees against each defendant under Copyright law, or in the alternative award actual damages against each defendant for copyright infringement;

vii. Enter injunctive relief to cease and desist from exhibiting or using WGBH's copyrighted material and to return all master material and other copies of such material to WGBH;

viii. Enter injunctive relief by ordering each defendant and any person or entity under its control to destroy all infringing material;

ix. Order each defendant to indemnify WGBH from any third party claims arising out of any defendant's unauthorized use of WGBH's material;

x. Award WGBH its costs, expenses, and attorneys' fees; and

xi. Grant such other and further relief as the Court may deem just, equitable, and proper under the circumstances.

## JURY DEMAND

WGBH demands trial of its claims by jury.

Respectfully submitted,

WGBH EDUCATIONAL FOUNDATION
By its attorneys,

_____
H. Joseph Hameline (BBO #218710)
MINTZ, LEVIN, COHN, FERRIS,
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111
Tel.: 617-542-6000
Fax: 617-542-2241
hhameline@mintz.com

OF COUNSEL:
Eric Adam Brass (BB0 #054360)
WGBH Educational Foundation
125 Western Avenue
Boston, MA 02134
Tel.    (617) 300-4405
Fax:    (617) 300-1014
eric_brass@wgbh.org

Dated:  February 2, 2005

LIT 1494055v2

FEB. 3.2005 10:50AM   WGBH LEGAL DEPT

# CERTIFICATE OF REGISTRATION



This Certificate Issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL



FORM PA
For a Work of the Performing Arts
UNITED STATES COPYRIGHT OFFICE

PA 1-083-319

EFFECTIVE DATE OF REGISTRATION

Sept 24, 2002
Month    Day    Year

'ARATE CONTINUATION SHEET.

**1  TITLE OF THIS WORK ▼**
"Island of the Sharks"

**PREVIOUS OR ALTERNATIVE TITLES ▼**
N/A

**NATURE OF THIS WORK ▼** See Instructions
large format motion picture

**2  NAME OF AUTHOR ▼**
a  WGBH Educational Foundation

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**
b  Howard Hall Productions

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ USA
    { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**NAME OF AUTHOR ▼**
c

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
    { Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous?   ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
a  1999 ◀ Year   This information must be given in all cases.

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
b  Complete this information ONLY if this work has been published.
Month ▶ April   Day ▶ 21   Year ▶ 1999
USA   ◀ Nation

**4  COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

WGBH Educational Foundation
125 Western Avenue
Boston, MA 02134

**APPLICATION RECEIVED**
SEP 24 2001
**ONE DEPOSIT RECEIVED**
SEP 24 2001
**TWO DEPOSITS RECEIVED**

**FUNDS RECEIVED**

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

FEB. 3.2005  10:51AM   WGBH LEGAL DEPT                                   NO.826   P.5

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR
COPY
OFF
U
O

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼ If your answer is "no," go to space 7.
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼     Year of Registration ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

a

Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

   All other cinematographic material.

b

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                              Account Number ▼
   WGBH Educational Foundation                        DA 043478

a

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼
   Michelle Daughtry
   WGBH Educational Foundation
   125 Western Avenue
   Boston, MA 02134

b

Area code and daytime telephone number ▶ ( 617 ) 300-4351    Fax number ▶ ( 617 ) 300-1014
Email ▶ mld@wgbh.org

**CERTIFICATION*** I, the undersigned, hereby certify that I am the
Check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  WGBH Educational Foundation
                        Name of author or other copyright claimant, or owner of exclusive right(s) ▲
of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
   Michelle Daughtry                                          Date ▶ 4/18/01

Handwritten signature (X) ▼
   X  [signature: Michelle Daughtry]

Certificate will be mailed in window envelope to this address:
Name ▼  Michelle Daughtry
        WGBH Educational Foundation
Number/Street/Apt ▼
        125 Western Avenue
City/State/ZIP ▼
        Boston, MA 02134

• Complete all necessary spaces
• Sign your application in space 8

1. Application form
2. Nonrefundable filing fee in check or money order payable to Register of Copyrights
3. Deposit material

Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

9

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

FEB. 3.2005 10:49AM    WGBH LEGAL DEPT                              FORM No. 826A   P.2
                                                                    For a Work of the Performing Arts
**CERTIFICATE OF REGISTRATION**                                     UNITED ST...

This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work identi-
fied below. The information on this certificate has been
made a part of the Copyright Office records.


PA 812-820

*Marybeth Peters*

EFFECTIVE DATE OF REGISTRATION
AUG 21 1996

REGISTER OF COPYRIGHTS
OFFICIAL SEAL  United States of America

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

---

**1  TITLE OF THIS WORK ▼**

SPECIAL EFFECTS

**PREVIOUS OR ALTERNATIVE TITLES ▼**

N/A

**NATURE OF THIS WORK ▼** See instructions

Motion Picture

---

**2  NAME OF AUTHOR ▼**

a  WGBH Educational Foundation

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes    ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR  Citizen of ▶ U.S.A.
    Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

Entire work except as noted in Section six

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

b  **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes    ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR  Citizen of ▶
    Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

c  **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes    ☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR  Citizen of ▶
    Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?    ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

**NATURE OF AUTHORSHIP** Briefly describe nature of material created by this author in which copyright is claimed. ▼

---

**3  YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**  This information must be given in all cases.

a  1996 ◀ Year

b  **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**  Complete this information ONLY if this work has been published.
Month ▶ July   Day ▶ 4   Year ▶ 1996
U.S.A. ◀ Nation

---

**4  COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

WGBH Educational Foundation
125 Western Avenue
Boston, Ma 02134

**APPLICATION RECEIVED**
AUG 21 1996
**ONE DEPOSIT RECEIVED**
AUG 21 1996  3/4" VT/L
**TWO DEPOSITS RECEIVED**

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**REMITTANCE NUMBER AND DATE**

---

**MORE ON BACK ▶**
• Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

FEB. 3.2005  10:50AM  WGBH LEGAL DEPT                         NO.826  P.3

CHECKED BY

☐ CORRESPONDENCE
   Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5** PREVIOUS REGISTRATION Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**6** DERIVATIVE WORK OR COMPILATION Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

music, theme music, stock footage, stills

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

All other cinematographic material

**7** DEPOSIT ACCOUNT If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                           Account Number ▼

WGBH Educational Foundation                      DA 043478

CORRESPONDENCE Give name and address to which correspondence about this application should be sent.  Name/Address/Apt/City/State/ZIP ▼

Michelle Daughtry
WGBH Educational Foundation
125 Western Avenue
Boston, MA 02134
                Area Code and Telephone Number ▶ (617) 492-2777  Ext. 4351

**8** CERTIFICATION* I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of  WGBH Educational Foundation
              Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Michelle Daughtry                                 date ▶ 8/16/96

Handwritten signature (X) ▼
/s/ Michelle Daughtry

**9** MAIL CERTIFICATE TO
Name ▼ Michelle Daughtry
       WGBH Educational Foundation
Number/Street/Apartment Number ▼
       125 Western Avenue
City/State/ZIP ▼
       Boston, MA 02134

Certificate will be mailed in window envelope

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—120,000                                              ☆U.S. GOVERNMENT PRINTING OFFICE: 1993-342-581 60 502

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -3  P 3: 37

U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)
   WGBH Educational Foundation v. IMAX Corporation

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(I)).

   \_\_\_\_  I.    160, 410, 470, R23, REGARDSLESS OF NATURE OF SUIT.

   X     II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121
   for patent, trademark or copyright cases

   \_\_\_\_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

   \_\_\_\_  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

   \_\_\_\_  V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS EFFECTING THE PUBLIC INTEREST?    (SEE 28 USC 2403)
   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OF AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)
   YES ☐   NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC2284?
   YES ☐   NO ☒

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) (SEE LOCAL RULE 40.1(C)).
   YES ☐   NO ☒
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?
   YES ☐   NO ☒

   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? N/A

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? Boston

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION    YES ☐   NO ☒      OR WESTERN SECTION    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    H. Joseph Hameline
ADDRESS            One Financial Center, Boston, MA 02111
TELEPHONE NO.      617-348-1651

(Categfrm.rev - 3/97)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE
2005 MAR -3  P 3: 37
U.S. DISTRICT COURT
DISTRICT OF MASS.

## I. (a) PLAINTIFFS
WGBH EDUCATIONAL FOUNDATION

**DEFENDANTS**
IMAX CORPORATION and IMAX LTD.

(b) County of Residence of First Listed Plaintiff   SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   ONTARIO, CANADA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
H. Joseph Hameline, BBO #218710, Mintz Levin, et al., One Financial Center, Boston, MA 02111; Tel. No. 617-542-6000

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Copyright Act, 17 U.S.C., Sections 101, et. seq.
Brief description of cause:
Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE  02/03/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE